*John P. Cook*, for defendant.

———o-o o———

## McDANELD v. KIMBRELL.

In proving a tender where the party produced the money and offered to pay the amount due on an agreement for a deed, and the other party refused to take the money or furnish the deed, without any objection to the amount offered, it is sufficiently certain without proving that the money was counted ; nor need the money be deposited in court and the tender kept good.

In a case of dependent covenants, to pay money and to give a deed, it is only necessary to show a readiness to pay at the time stipulated, in a proceeding for a specific performance, .

In Equity. *Appeal from Dubuque District Court.*

*Opinion by* Greene, J. Bill for specific performance, filed by W. A. Kimbrell against J. M. McDaneld, for a deed to land, agreeable to a written agreement.

Upon a full hearing of the case the court found for complainant, agreeable to his prayer in the bill.

To this decree the defendant urges two objections: 1. That the tender of the balance due on the land was not proved with sufficient certainty. 2. That the tender was not kept good, by depositing the money in court.

Upon the first point the amended bill distinctly avers

that complainant tendered to defendant, in land office money, the amount named in the agreement, on the day it became due, and that defendant refused to accept the money, and refused to give a deed. This averment is fully proved by two witnesses, who were present when the tender was made. They state, however, that they did not count the money nor see it counted, but that they saw the money; that it was in gold and silver, and that complainant said it was the amount called for on that day by the agreement. But still defendant refused to take the money and give the deed.

As there was no objection to the amount tendered, and as it is not pretended that there was a greater amount due, nor that the payment was not offered within the time stipulated, we cannot but regard the proof as sufficiently certain.

2. Was it necessary to keep the amount in court? There are cases depending upon a tender in which money must be brought into court, and the tender kept good. But this case is not of that character. Such a case implies an *unconditional* indebtedness by the party pleading the tender. In this case the indebtedness was conditional, and dependent. Complainant was under no liability to make this last payment on the land until defendant was prepared and willing to make the deed. These stipulations were made concurrent and simultaneous by the agreement. Both covenants are dependent, and as complainant offered and showed his readiness and ability to perform his part, and as defendant refused to take the money and denied his obligation to convey, it follows, that complainant goes into equity with clean hands, for a specific performance of the contract.

It follows then, that, as defendant was in default, as he refused to do that which would give him a right to the money, he was under no obligation to keep the amount in

court; he was only required to pay the money on obtaining title by deed or decree.

Decree affirmed.

*Hempstead & Burt,* for appellant.

*L. Clark,* for appellee.